IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-538-BO

UNITED STATES AND THE STATE OF
NORTH CAROLINA *ex rel.* ANDREA
CHURCH-YANCEY AND CRYSTAL
TROTTER-BERKLEY, )
    *Plaintiffs*, )
)
v. )     O R D E R
)
CUMBERLAND COUNTY HOSPITAL )
SYSTEM, INC., D/B/A CAPE FEAR )
VALLEY HEALTH SYSTEM, CAPE )
FEAR VALLEY SLEEP CENTER, )
HEALTH PAVILION NORTH, AND )
CAPE FEAR VALLEY MEDICAL )
CENTER; BLADEN HEALTHCARE, )
LLC D/B/A BLADEN COUNTY )
HOSPITAL SLEEP SERVICES AND )
BLADEN COUNTY HOSPITAL; CAPE )
FEAR VALLEY HEALTH SYSTEM )
SPECIALTY GROUP, LLC; CAPE FEAR )
VALLEY ACCOUNTABLE CARE )
ORGANIZATION, LLC; CFV )
SPECIALTY CARE BILLING SERVICES, )
LLC; CFV EXPRESS CARE BILLING )
SERVICES, LLC, )
    *Defendants*. )

This cause comes before the Court on defendants' motion to dismiss [DE 26] and plaintiff's counsel's motion to withdraw [DE 39]. The motions are ripe for adjudication. For the reasons that follow, the motion to dismiss is GRANTED and the motion to withdraw is GRANTED.

BACKGROUND

Plaintiffs filed this *qui tam* action on November 25, 2019 on behalf of the United States and the State of North Carolina. The federal and state governments declined to intervene in the

matter and requested that the complaint and other filings be unsealed. On July 27, 2021, in response to the Notice, the Court ordered that the Complaint and several other filings be unsealed and described certain requirements for service of filings in the case. That same day, the Clerk docketed a notice prompting plaintiffs to provide either a summons to be issued or a waiver of service. Plaintiffs failed to file anything in this case before the deadline had passed.

On October 29, 2021, defendants filed a motion to dismiss this action, arguing that the Court lacked jurisdiction and that plaintiffs had failed to prosecute the case. Plaintiffs requested two extensions of time to respond to the motion to dismiss, but ultimately did not file a response. After a second request for extension, plaintiff's counsel filed a motion to withdraw [DE 39] from representation, citing the non-response of his client.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of

2

misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action for failure to prosecute, as the power to do so "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). A Rule 41(b) dismissal of a complaint operates as an adjudication on the merits and bars the claims from being refiled in other districts. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001).

Plaintiffs in this case have failed to prosecute this action or demonstrate good cause for plaintiffs' failure to do so. Plaintiffs have even failed to communicate with plaintiffs' attorney. Accordingly, the motion to dismiss [DE 26] is GRANTED. The motion to withdraw [DE 39] is GRANTED. The complaint is DISMISSED WITH PREJUDICE.

SO ORDERED, this __3__ day of August, 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 5:19-cv-00538-BO   Document 41   Filed 08/04/22   Page 3 of 3